# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LESLIE FARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-1116-R |
| ) | |
| ROBERT PATTON, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus with regard to the calculation of his sentence, which he is serving in the custody of the Oklahoma Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On October 30, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that petition be dismissed upon filing because Petitioner failed to exhaust his state court remedies. Doc. No. 10 at 3-4. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review. Having conducted this review, the Court finds as follows.

On August 13, 1985, Petitioner was sentenced to a term of 99 years imprisonment following a conviction for rape in case no. CRF-84-240, the District Court of Comanche County. He filed his petition challenging calculation of his sentence with regard to (1) good time credits under Okla. Stat. tit. 57 § 138(d); 332.7 of the 1997 matrix grid sentencing

guidelines; and the July 1, 2014 application of Department of Corrections Policy OP-060211. Doc. No. 1, p. 2. Petitioner apparently drafted a letter on July 14, 2014 to the Director of the Department of Corrections, raising the issue of his 4/E5 earned credit status class and the new policy concerning achievement credits and the possibility of 4/E6 credits. He did not receive a response. Doc. No. 1, p. 3. He authored a second letter to the Director on January 9, 2015, raising the issue of earned credit status under 4/E6, the new policy concerning Good Conducts Credits, and OP-060211, effective September 10, 2015. No response was received to his letter. On February 3, 2015, Petitioner wrote a letter to Governor Fallin raising the issue of the 85% rule. *Id.* at p. 4-5. The governor did not respond. *Id.* at p. 5. He wrote a third letter to the Director on July 27, 2015, raising the issue of "good conduct achievement credits" and his belief that such credits should have been retroactively applied to his case. *Id.* Again, no response was received. Although the Court has attempted to characterize Petitioner's claims based on the petition, the exact nature of what he seeks, beyond recalculation of his sentence based on Department of Corrections policies and changes in Oklahoma law, is difficult to discern. Judge Erwin noted that Petitioner did not seek relief in state court, and thus concluded that the instant action should be dismissed because Petitioner was required to first seek relief from the courts of Oklahoma. Petitioner objects, asserting that there is no cause of action under Oklahoma law to redress improprieties in sentence calculations that will not result in immediate, as opposed to speedier, release from

incarceration unless it involves the loss of credits via disciplinary proceedings.[1] Although the law regarding exhaustion of state judicial remedies presents a confusing labyrinth, the Court finds that where, as here, the Petitioner is not challenging the loss of credits or asserting that he would be entitled to immediate release if he prevailed, that there is no state judicial remedy.

In *Daniels v. State*, 809 P.2d 68 (Okla.Crim. 1991), the court rejected an attempt to use mandamus relief to challenge sentence administration. "T]he proper procedure for seeking review of the administration of a sentence by the [ODOC] is to file a petition for writ of habeas corpus in the district court of the county where the inmate is being restrained." Id. at 68. In 2007, in an unpublished Order Declining Original Jurisdiction and Dismissing "Petition in Error" in *McCain v. Jones*, MA-2007-967 (Nov. 30, 2007), the court noted that it had "not authorized mandamus as an available remedy to require DOC to grant a prisoner credits that have never been awarded." *Id*. at 4.[2] Accordingly, the issue is whether Petitioner could seek habeas corpus relief pursuant to Oklahoma law. As Petitioner notes, he cannot,

---

[1] Petitioner characterizes Judge Erwin's statements at pages 2 and 3 of the Report and Recommendation, noting Petitioner's contention that he mailed letters to the Department of Corrections and the governor, as a determination that Petitioner exhausted any administrative remedies. The Court does not read the language as indicating a finding that Petitioner administratively exhausted his claims, and indeed such a finding would be impossible on the current record, which is silent regarding any attempt to seek administrative relief at the facility level, which may have been required. Rather, Judge Erwin relied on Petitioner's affirmative statements that he had not presented his claims to state court.

[2] The Oklahoma Court of Criminal Appeals concluded in *Tomlin v. State ex rel. Dept. of Corrections*, 814 P.2d 154 (Okla.Crim.App. 1991), that mandamus was appropriate for an inmate seeking to compel the Department of Corrections to award him emergency time CAP credits. It acknowledged the difference between mandatory CAP credits and earned credits. "We distinguish the issue of CAP credits from the issue of earned time credits because the award of earned time credits is based upon the Department of Corrections's assessment of an inmate's compliance with guidelines and is thus discretionary." *Id.* at 156 (citing *Ekstrand .v State*, 791 P.2d 92 (Okla.Crim.App. 1990)).

3

because even if he is awarded all credits he contends are due to him, he will not be entitled to immediate release, a requirement under Oklahoma law. *Id. See also Waldon v. Evans*, 861 P.2d 311, 313 (Okla.Crim.App.1993) ("[Petitioner] failed to show himself entitled to a writ of habeas corpus because he has not established that his confinement is unlawful and that he is entitled to immediate release.").

The Court in *Ballard v. Martin*, 2012 WL 2048203 (N.D.Okla. June 6, 2012), addressed a similar issue:

> As Petitioner points out, he lacks a remedy in state court unless he can demonstrate entitlement to immediate release. *See Berryhill v. State*, 43 P.3d 410, 411 (Okla.Crim.App.2002) ("For a writ of habeas corpus Petitioner must establish that ... he is entitled to immediate release." (citations omitted)); *Scales v. Walters*, 905 P.2d 233, 235 (Okla.Civ.App.1995) (rejecting a mandamus petition challenging a parole decision because "[a] writ of mandamus will not be granted on a prisoner's challenge to any matter related to computation of sentence or date of release unless it is shown that the prisoner would be entitled to immediate release"). As recognized by the parties, even a successful petition in state court would not entitle Petitioner to immediate release. This case does not involve review of a prison disciplinary proceeding resulting in the revocation of previously earned credits. *See Magar v. Parker*, 490 F.3d 816 (10th Cir.2007) (recognizing availability of Okla. Stat. tit. 57, § 564.1 (West 2007), for review of due process afforded prisoners during disciplinary proceedings). Under the facts of this case, where Petitioner seeks to be credited for days . . . without the possibility of immediate release, Petitioner lacks an available state court remedy.

*Id.* at *2. As such, the Court finds that Petitioner lacked state court remedies that he could exhaust and dismissal on this basis would be inappropriate.[3]

For the reasons set forth herein, the Court declines to adopt the Report and

---

[3] The Court makes no findings with regard to whether Petitioner has fully exhausted any administrative remedies available to him pursuant to applicable Department of Corrections' policies.

4

Recommendation and this matter is remanded to the Magistrate Judge for further proceedings.

IT IS SO ORDERED this 11th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE