# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LESLIE FARRIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-1116-R |
| JOE ALLBAUGH, DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus with regard to the calculation of his sentence, which he is serving in the custody of the Oklahoma Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On August 12, 2016, Judge Erwin issued a Report and Recommendation wherein he recommended that the Motion to Dismiss (Doc. No. 21) be granted on three grounds. He concluded one ground lacked merit, that certain claims were untimely, and that one ground was unexhausted. The matter is currently before the Court on the timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, and giving Petitioner's filings liberal construction as mandated by H*aines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds as follows.

On August 13, 1985, Petitioner was sentenced to a term of 99-years imprisonment following a conviction for rape in case no. CRF-84-240, the District Court of Comanche County. The instant petition challenges calculation of his sentence with regard to certain credits he contends he was entitled to have applied to his sentence. The various credits and sentence adjustments he seeks will be considered in turn, in the order presented by the Report and Recommendation.

Judge Erwin concluded that Petitioner failed to state a claim with regard to his contention that retroactive application of the matrix system grid for parole consideration violates the constitution. Petitioner first argues he is entitled to the benefit of the Oklahoma Truth in Sentencing Act, specifically HB 1213and 1225, which amended Okla. Stat. tit. 57 § 332.7, effective July 1, 1997. Petitioner asserts that when Truth in Sentencing was enacted he was placed on an accelerated docket of November 1997 for a hearing before the pardon and parole board. He asserts that in the face of protests by state officials that a moratorium was imposed that resulted in denial of his appearance before the Board.

Mr. Farris was sentenced in 1985, prior to enactment of Oklahoma's Truth in Sentencing legislation, and therefore the substantive sentencing provisions did not apply to his case. *See Ward v. Province*, 283 Fed.Appx. 615, *1 (10th Cir. 2008). The only portions of the legislation that would apply to Petitioner are the provisions governing the calculation of an eligibility date for parole. *Id.* (citing *Seegars v. Ward*, 124 Fed.Appx. 637, 639 (10th Cir. 2005). "Because there is no constitutional protected liberty interest in parole

2

when the grant of parole is discretionary-as it is under Oklahoma's statutory scheme-[Petitioner] has no constitutional right to consideration of commutation." *Id.* (citations omitted). As such, the fact that Petitioner might have been placed on a parole docket and removed therefrom prior to his hearing did not violate his due process rights. Furthermore, the denial of parole consideration does not lengthen the term of imprisonment so as to give rise to an *ex post facto* claim. Furthermore, to the extent Petitioner contends he was entitled to application of the Act to reduce or modify his sentence, the Tenth Circuit has repeatedly held that the failure to apply the Truth in Sentencing substantive provisions was not *ex post facto*. *See Turner v. Champion*, 1999 WL 1032972, *1 (10th Cir. 1999). Those provisions were revoked by the legislature the day before they were to become effective, and therefore, were not applicable to prisoners. Accordingly, the Report and Recommendation is hereby ADOPTED with regard to Ground Three, for the reasons set forth therein and above.[1]

Judge Erwin recommended that Petitioner's claims regarding his right to retroactive application of certain credits toward his sentence be denied as untimely. Specifically, Judge Erwin concluded that to the extent Petitioner claimed he was entitled to sentence credits for blood donation, municipality credits and pre- and post- *Ekstrand* credits that such claims are barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d), because he filed this action more than one-year after the factual predicate for such claims could have been discovered through the exercise of due diligence. (Doc. No. 28, p. 5).

---

[1] Furthermore, to the extent Petitioner could state a claim for violation of his federal constitutional rights with regard to the law applied to his case in November 1997, with regard to his parole consideration, such claim would be untimely, the instant petition having been filed in 2015.

Petitioner objects to Judge Erwin's conclusion with regard to these credits, because he was, for at least some of his incarceration, in a private prison in Texas and therefore did not receive a monthly copy of his consolidated record card from the Oklahoma Department of Corrections. From the Court's review of Petitioner's consolidated record card, it appears that he was incarcerated in the Limestone County Detention Center from January 1, 1996, until July 3, 1997, when he was transferred to a facility denoted as "CTPVF" which appears to the Central Texas Prole Violator Facility. He was received at North Fork Correctional Facility as of May 5, 1998 and returned to Lawton Correctional Facility on November 25, 1998. He filed this action on October 7, 2015.

With regard to credits for blood donations, as noted by Judge Erwin, the Department of Corrections ceased awarding credits toward completion of a sentence for donating blood on November 1, 1988. ODOC Policy OP–060211, Section II.L.5. Therefore, such credits ceased to be granted years before Petitioner was incarcerated in the Limestone County Correctional Center in Texas, allegedly without access to legal materials that would have informed him of his entitlement to such credits. Furthermore, when Petitioner was returned to the custody of the Oklahoma Department of Corrections in 1995, he would have started receiving reports of his release date and quarterly records of his accumulated time. *See* Okla. Stat. tit. 57, § 138 (Oklahoma law requiring that inmates receive a monthly accounting of sentence credits). The Court finds that Petitioner could have easily discovered the factual predicate for his claim related to the alleged denial of credits for post blood donations in 1988 or shortly thereafter and certainly before October 7, 2014, one year before he filed the instant petition. The Court therefore ADOPTS the Report and

4

Recommendation of Judge Erwin with regard to Petitioner's claim that he was deprived of blood donation credits.[2]

Judge Erwin made a similar conclusion with regard to "municipality credits" that Petitioner asserts were not credited against his sentence. The Court construes Petitioner's argument as asserting that his incarceration at a private prison is either comparable to a "county of municipality" work project or work in a "private prison industry." To the extent Petitioner was ever eligible for such credits, the amendment of the law in 1991by HB 1734 removed the section regarding the earning of such credits.[3] Although Petitioner contends he was not informed of his right to earn such credits, the Court concurs with Judge Erwin that any claim regarding such credits, if valid, would be time barred. According to Petitioner he was first incarcerated in a private prison on January 8, 1996. Even if Petitioner was denied access to his monthly accounting of his sentence while incarcerated in Texas, he returned to Oklahoma on May 5, 1998. Between 1998 and October 7, 2014, Petitioner had ample opportunity to discovery that he was being denied municipality credits. Accordingly, the Report and Recommendation is adopted with regard to the untimeliness

---

2 Petitioner contends the Respondent cannot assert that his petition is untimely because the Department never asserted that any letters he wrote to staff regarding the issues were untimely. The failure to raise an issue of the timeliness of an inquiry in correspondence with an inmate does not preclude the warden from challenging the timeliness of a petition under 28 U.S.C. § 2241. Petitioner also contends, without citation to any authority, that DOC officials should have notified him of his entitlement to the credits that he alleged they failed to provide him. The Report and Recommendation's reference to the factual predicate of the claims and the knowledge thereof is that Petitioner should have been aware of the credits not being applied to his sentence when he received his monthly and quarterly statements. The Report and Recommendation did not assign the Respondent the burden of identifying which of the many credits Petitioner might have been entitled to since the outset of his incarceration in 1985.

3 Prior to 1991 the section provided "Each inmate who works for the state, county or municipality under this section shall be provided credit, to be taken off his sentenced time, for each earned day of service, pursuant to the provisions of Section 138 of this title." See Okla. Stat. tit. 57 § 224After the 1991 amendment credits were assigned based on the new classification system used for all prisoners. *See James v. Carr*, 1994 WL 363542 (10th Cir. July 19, 1994).

of Petitioner's claim for "municipality" credits.

Petitioner also challenges the Department of Corrections' calculation of his pre and post-*Ekstrand* credits. Petitioner contends he is entitled to credits under the pre-November 1, 1988 system and the post-November 1, 1998 system of calculating credits. Petitioner had requested that he be credited days under both systems, which the Department of Corrections denied, noting that he would be awarded credits under the standard that was most advantageous to his position. Judge Erwin considered the timeliness of such claims, including whether letters written by Petitioner would operate to toll any statute of limitations period and concluded that even if there was tolling, that the petition with regard to such claims was untimely filed. The Court has reviewed the Report and Recommendation and the objection thereto and finds no basis in the objection for rejection or amendment of the Report and Recommendation. As such, it is adopted with regard to this claim.

Finally, Judge Erwin concluded that Petitioner's claim related to the receipt of good conduct achievement credits was timely, but that Petitioner had not exhausted his claim. Petitioner contends that he did exhaust his claim and further, that Judge Erwin's Report and Recommendation is a "hybrid" decision to which he objects. Presumably Petitioner is referring to Judge Erwin's recommendation that one claim be denied on the merits, that certain claims be dismissed as time barred and that this single claim be dismissed for failure to exhaust. Faced with such a "mixed petition," generally, the Court has the discretion to dismissing the entire petition without prejudice to re-filing after the petitioner either exhausts all claims or resubmits the petition to proceed solely on the exhausted claims, *see*

*Moore v. Schoeman*, 288 F.3d 1231, 1233 (10th Cir. 2002)(discussing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)) or deny the entire petition with prejudice if the unexhausted claims are clearly meritless, *see id.* at 1234 (discussing *Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)). The Court concludes that Petitioner's claim regarding the good conduct credits is clearly meritless in light of recent Tenth Circuit authority, and therefore, denies the claim on the merits, obviating any concerns about a hybrid, or mixed, petition.

Petitioner's claim related to good conduct credits is premised on OP-060211(II)(E)(5)(C). Petitioner contends that pursuant to that policy he is entitled to 15 days of credit for each month of his incarceration during which he did not have a misconduct, starting in 1985, although the policy provision became effective July 1, 2014. A nearly identical claim was made by another inmate at the Lawton Correctional Facility regarding these same provisions, and the interpretation espoused by Mr. Farris was rejected by a judge of this Court and by the appellate court.

> In his first claim, Mr. Abdulhaseeb contends that ODOC policy OP–060211(II)(E)(5)(C) should retroactively apply to his sentences between 1982 and 2014. The district court rejected this contention, and this part of the ruling is not subject to reasonable debate. Mr. Abdulhaseeb's argument is based on the state department of corrections' policy OP–060211(II)(E)(5)(c), which states: "Effective July 1, 2014, beginning upon reception, all eligible offenders to include those currently incarcerated, will be awarded 15 achievement credits every month of continued good conduct." Doc. 12–5 at 175. Mr. Abdulhaseeb argues that the phrase "beginning upon reception" requires a retroactive award of credits for the 32 years he spent in prison prior to the effective date of the policy. This interpretation is not reasonable. In Oklahoma, courts apply changes in the law "prospectively from their effective date" in the absence of an express statement that the change is to apply retroactively. *State v. Salathiel*, 313 P.3d 263, 266–67 (Okla. Crim. App. 2013). In applying Oklahoma law, no reasonable jurist could interpret

the 2014 policy as a directive for prison authorities to add credits for each of Mr. Abdulhaseeb's prior 32 years in prison.

*Abdulhaseeb v. Allbaugh*, 652 Fed.App'x 712, 714 (10th Cir. 2016). Accordingly, the Court concludes that Petitioner has failed to state a claim with regard to good conduct credits and dismissal with prejudice of this claim is appropriate.[4]

The Court hereby adopts the Report and Recommendation to the extent it is consistent with the above and further finds with regard to Petitioner's contention that he is entitled to retroactive application of ODOC Policy OP-060211(II)(E)(5)(C) that his claim fails upon the merits, without regard to whether he exhausted such claim. Accordingly, for the reasons set forth in the Report and Recommendation and herein, the Petition is hereby DENIED.

**IT IS SO ORDERED** this 14th day of November, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

4 According to his Consolidated Record Card Mr. Farris has received his 15 GCA or "good conduct achievement" credits each month since July 1, 2014.